IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-11144
Summary Calendar

_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus


NOE RODRIGUEZ BRAVO, a/k/a Sealed Defendant 2,

                                        Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:97-CV-771-H

_____

June 17, 1998
Before KING, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:[*]

    Bravo appeals the district court's judgment denying his
motion under 28 U.S.C. § 2255.  Bravo contends that he was denied
assistance of counsel on appeal and that the district court erred
in failing to hold an evidentiary hearing.

    Bravo pleaded guilty to count 1 of an indictment charging

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

him with conspiracy to possess with intent to distribute cocaine. As part of his plea agreement, Bravo agreed to a two-level increase in sentence for his role in the offense. Bravo's counsel was permitted to withdraw after judgment was entered. Bravo then filed a *pro se* notice of appeal. In the order permitting counsel to withdraw, Bravo was instructed to notify the court if he was seeking to proceed on appeal *in forma pauperis* or was seeking court-appointed counsel on appeal. Thus, Bravo was clearly advised that it was his responsibility to seek substitute counsel, and he failed to do so. Subsequently, Bravo's appeal was dismissed because he failed to pay the docketing fee. In sum, Bravo has not shown any actual or constructive denial of assistance of appellate counsel. See United States v. Bravo, No. 3-97-CV-0771-H (N.D. Tex. Oct. 3, 1997) (unpublished).

The judgment of the district court is AFFIRMED.